**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Tikbooks Inc.,

Plaintiff,

v.

LOOP RACK LLC d/b/a Loop Rack Store,

Defendant.

**Civil Action No. ______________**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 106, 501)**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, Tikbooks Inc. ("Plaintiff"), by and through its undersigned counsel, brings this action against Defendant LOOP RACK LLC d/b/a Loop Rack Store ("Loop Rack" or "Defendant"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., to stop Defendant's unauthorized reproduction, distribution, and commercial exploitation of Plaintiff's copyrighted children's educational book, 100000 Whys: Building the Ultimate Brain for Kids (the "Work").

2. Defendant is a commercial seller operating an Amazon storefront under the name "Loop Rack Store." Defendant has flagrantly reproduced extensive portions of the Work, including protected expression on the cover, back cover, spine, table of

contents, and interior pages, and distributed these unauthorized copies to consumers in the United States.

3. Plaintiff seeks injunctive relief to halt Defendant's continuing infringement, as well as the recovery of actual damages, Defendant's profits, statutory damages, and attorneys' fees as permitted under the Copyright Act.

## II. THE PARTIES

4. Plaintiff Tikbooks Inc. is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 565 Washington Way, Cumming, Georgia 30040. Plaintiff is the author, publisher, and sole owner of the copyrights in the Work.

5. On information and belief, Defendant LOOP RACK LLC is a limited liability company organized under the laws of the State of Georgia, with a principal place of business and registered address at 2310 Parklake Dr NE Ste 477 K02, Atlanta, Georgia 30345.

6. Defendant conducts commercial business through Amazon.com, advertising, offering for sale, selling, and shipping the infringing product to consumers throughout the United States, including within the State of Georgia.

## III. JURISDICTION AND VENUE

7. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as it arises under the federal Copyright Act, 17 U.S.C. § 101 et seq.

8. This Court has personal jurisdiction over Defendant because Defendant is a Georgia limited liability company, maintains its principal place of business in Atlanta, Georgia, and systematically conducts business within this State and District. Furthermore, the infringing acts complained of herein occurred in and/or were directed at this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because Defendant resides in this District, may be found in this District, and a substantial part of the events giving rise to the claims occurred in this District.

10. Assignment to the Atlanta Division is proper under Local Rule 3.1(B)(1), NDGA., because Defendant resides in DeKalb County, which is within the Atlanta Division, and the claims arise out of Defendant's business activities conducted from that location.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Copyrighted Work

11. Plaintiff created, developed, and published the Work, 100000 Whys: Building the Ultimate Brain for Kids.

12. The Work contains substantial original, copyrightable authorship, including literary text addressing educational and scientific topics, original illustrations, character artwork, graphic designs, and unique selections, coordination, and arrangements of textual and visual elements.

13. The Work was first published in the United States on or about August 1, 2025.

14. The United States Copyright Office duly registered the Work. Plaintiff owns valid United States Copyright Registration No. TX0009604619 (effective December 26, 2025), covering the literary and textual elements, and Registration No. VA0002490624, covering the original visual artwork embodied in the cover of the Work. True and correct copies of the Certificates of Registration are attached hereto as Exhibit A.

15. Plaintiff has fully complied with all statutory prerequisites to bring this action for copyright infringement.

**B. Defendant's Infringing Conduct**

16. Without Plaintiff's authorization, license, or consent, Defendant advertised, offered for sale, and sold counterfeit and/or infringing copies of the Work through Amazon.com.

17. Defendant's Amazon listing identified the accused product under the title "100000 Whys" (ASIN B0H8HRR8XC). The storefront identified the seller as LOOP RACK LLC, and the listing was "fulfilled by Amazon."

18. Plaintiff conducted a controlled test purchase from Defendant's storefront (Order No. 111-6609110-6809028, tracking number SF6047775076964) and obtained a physical copy of the accused book. True and correct copies of the test purchase order, logistics tracking, and storefront records are included in Exhibit B attached hereto.

19. A comparison between the Work and the test-purchased product, representative materials of which are attached hereto as Exhibit B, demonstrates extensive and unmistakable copying of Plaintiff's protected expression:

**a. Cover:** The accused book reproduces Plaintiff's original cover composition, including the background, decorative patterns, title treatment, central illustrated composition, and supplementary animal/plant graphics. Defendant deliberately altered the cover only to remove Plaintiff's "TIKBOOKS" logo.

**b. Back Cover & Spine:** The accused book reproduces Plaintiff's decorative borders, title treatments, central steam-train illustration, and hierarchical text layout. Defendant purposefully omitted Plaintiff's creator credits, ISBN, TIKBOOKS mark, and price barcode.

**c. Interior Content:** The accused book reproduces substantial portions of Plaintiff's literary text, chapter headings, dialogue boxes, character designs, two-column organizational structure, and exact page layouts.

**d. Copyright Page:** Defendant entirely omitted Plaintiff's copyright page (which includes the copyright notice and publisher attribution) to conceal the theft, while retaining the surrounding background patterns.

20. The similarities between the accused book and Plaintiff's Work are not the result of coincidence, common ideas, or stock imagery. The accused book is a near-exact replica of Plaintiff's specific literary, pictorial, and graphic expression.

**C. Willful Infringement**

21. The sheer volume and exactness of the reproduced content demonstrate that Defendant had direct access to the Work and intentionally copied it.

22. Defendant's selective redaction of Plaintiff's trademarks, logos, creator credits, and copyright notices evinces a clear intent to conceal the infringement.

23. Defendant acted willfully, intentionally, and with reckless disregard for Plaintiff's exclusive rights under the Copyright Act, rendering this a case of willful infringement under 17 U.S.C. § 504(c)(2).

**COUNT I**

**COPYRIGHT INFRINGEMENT**

**17 U.S.C. §§ 106 AND 501**

**Against Defendant**

24. Plaintiff repeats, realleges, and incorporates by reference the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff is the legal and beneficial owner of valid copyrights in the Work (Registration Nos. TX0009604619 and VA0002490624).

26. Defendant had access to the Work and, without authorization from Plaintiff, reproduced, distributed, publicly displayed, and/or created derivative works based upon Plaintiff's Work.

27. Defendant's unauthorized conduct violates Plaintiff's exclusive rights under 17 U.S.C. § 106 and constitutes actionable copyright infringement under 17 U.S.C. § 501.

28. Defendant's infringement was willful, deliberate, and committed for commercial advantage and financial gain.

29. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered and will continue to suffer severe and irreparable harm, for which there is no adequate remedy at law, unless Defendant is enjoined by this Court.

30. Plaintiff is entitled to a preliminary and permanent injunction under 17 U.S.C. § 502, impoundment and destruction of the infringing articles under 17 U.S.C. § 503, actual damages and Defendant's profits under 17 U.S.C. § 504(b), or in the alternative, statutory damages (including enhanced damages for willfulness)

under 17 U.S.C. § 504(c), and costs and reasonable attorneys' fees under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. A declaration that Defendant has willfully infringed Plaintiff's copyrights in the Work;

B. A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, and all persons acting in concert or participation with them, from further manufacturing, reproducing, distributing, adapting, displaying, advertising, or selling copies of the Work or any derivative works thereof;

C. An order directing the impoundment and destruction of all infringing copies of the Work and all related materials in Defendant's possession, custody, or control, pursuant to 17 U.S.C. § 503;

D. An award of Plaintiff's actual damages and all profits derived by Defendant from its infringing acts, pursuant to 17 U.S.C. § 504(b);

E. In the alternative, and at Plaintiff's election prior to final judgment, an award of maximum statutory damages for willful infringement, up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c);

F. An award of Plaintiff's full costs and reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

G. Pre-judgment and post-judgment interest at the highest applicable rates; and

H. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Date: September 10, 2026 Respectfully

Submitted,

/s/ Zhiwei Hua
Zhiwei Hua Esq.
*Pro Hac Vice*
1360 Valley Vista Dr,
Suite 140,
Diamond Bar CA 91765
NY Bar No.6099105
huazhiwei@concordsage.com
Phone: (216)3923236
*Lead Counsel for Plaintiff*
*PHV Application Pending*

/s/ Abena K. Abayomi-Rogers
Abena K. Abayomi-Rogers
Georgia Bar No. 315161
ICEE Law, LLC
1445 Woodmont Ln, NW, Suite 3362
Atlanta, GA 30318
Tel. (470) 574-0529
Email: CourtComms@ICEELaw.com
*Local Counsel for Plaintiff*